UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIELLE BUHRFIEND,

        Plaintiff,                                    Case No. 1:13-CV-71

v.                                                   HON. GORDON J. QUIST

OPTIME-TECH, LLC and KUMAR IYER,

        Defendants.
_____/

**OPINION GRANTING SUMMARY JUDGMENT FOR DEFENDANTS
AND DISMISSING PENDENT CLAIM**

Plaintiff, Danielle Buhrfiend, sued her former employer, Optime Tech, and her former supervisor and part owner of the business, Kumar Iyer. Plaintiff alleges that Defendants retaliated against her because she objected to being harassed and terminated her based on her gender and religion.[1] Plaintiff asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981, and the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.* Defendants have filed a motion for summary judgment, which is presently before the Court. The parties have had a full oral hearing; the parties and the Court are fully aware of the facts.

For the following reasons, the Court will grant Defendants' motion as to Plaintiff's federal claims, and decline to exercise pendent jurisdiction over Plaintiff's state law claims.

**I.    Title VII**

An employer is not subject to Title VII unless it has "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

---

[1] Plaintiff originally alleged claims based on her national original and harassment, but she has expressly abandoned those claims.

42 U.S.C. § 2000e(b). The threshold number of employees is an element of a plaintiff's claim. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006). "An employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 206, 117 S. Ct. 660, 663 (1997). However, "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law would not count toward the 15-employee minimum." *Id.* at 211 (internal citation omitted).

Defendants argue that Optime Tech did not have fifteen or more employees, and is thus not subject to Title VII. In support, Iyer submitted a declaration stating that Optime Tech's tax records demonstrate that it did not have more than 15 individuals on its payroll during any 20-week period in 2010, 2011, or 2012.[2] (Dkt. #34-1 at Page ID ##170-73.)

Plaintiff has provided no evidence to refute Iyer's declaration. Plaintiff merely points to the testimony of Erika Parker, Optime Tech's office manager, that she "probably" issued around 30 W-2 statements in each of the relevant years. However, the fact that Optime Tech may have issued 30 W-2 statements for each year does not speak to how many employees it had at any one time, particularly since it placed individuals in short-term positions. Accordingly, Plaintiff has failed to demonstrate that Optime Tech was subject to Title VII, and Defendants are entitled to summary judgment on that claim.

**II.     Section 1981**

Section 1981 prohibits discrimination based on race, but does not address discrimination based on sex or religion. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609, 107 S. Ct. 2022, 2026 (1987); *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S. Ct. 2586, 2593 (1976). *See also El-*

---

[2] Although Optime Tech had only three employees working in its office during the relevant period, it retained some of the individuals it placed at client corporations on its payroll. For purposes of the present motion, the Court will assume that those individuals were Optime Tech employees.

*Zabet v. Nissan N.A., Inc.*, 211 Fed. App'x 460, 462 (6th Cir. 2011) ("Even though Section 1981 does not use the word 'race,' the Supreme Court has held that it prohibits only racial discrimination, not discrimination based 'solely on the place or nation of [] origin.'") (quoting *Saint Francis Coll.*, 481 U.S. at 613, 107 S. Ct. at 2028). Plaintiff does not allege discrimination based on her race, ancestry, or ethnic-based characteristics, but rather on the grounds of sex and religion. Accordingly, this claim shall be dismissed.

### III. Elliott-Larsen Civil Rights Act

The Court will dismiss Plaintiff's federal claims, which serve as the basis for the court's jurisdiction, and will decline to exercise jurisdiction over Plaintiff's Elliott-Larsen Civil Rights Act claim. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction). *See also Williams v. City of River Rouge*, 909 F.2d 151, 157 (6th Cir. 1990) ("Where an action in federal court includes both federal and pendent state claims and the court dismisses the federal claims before trial on a motion for summary judgment, the pendent state claims are ordinarily dismissed as well.")

The undersigned has spent considerable time delving into the substantive facts of the case. Nonetheless, "[w]here a district court exercises jurisdiction over state law claims solely by virtue of pendant jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching the merits." *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). In this particular case, Plaintiff has not shown the threshold facts to establish a federal claim. Accordingly, assuming that Plaintiff proceeds, she should proceed in a state court.

The state claims will be dismissed without prejudice.

**Conclusion**

The Court will grant Defendants' motion for summary judgment on Plaintiffs' Title VII and § 1981 claims.  The Court will decline to exercise jurisdiction over Plaintiffs' state law claims, and dismiss these claims without prejudice.  An order consistent with this Opinion shall issue.


Dated:  June 18, 2014                              /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE